Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7263 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Sherman, *et al.* v. Premium Concrete Cutting, Inc., *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Partial Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' Motion for Partial Summary Judgment [27-1] is granted in part, and the court relinquishes its supplemental jurisdiction over the remaining state law claims. See attached. All pending motions and dates are stricken. The Clerk shall enter judgment pursuant to Federal Rule of Civil Procedure 58.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 45 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | courtroom deputy's initials | 2004 JUL -2 PM 3:38 | date mailed notice | |
| | | Date/Time received in central Clerk's Office | mailing deputy initials | |

TONY SHERMAN, individually, and )
DAN RINGIER, individually, and on )
behalf of employees similarly situated, )
        Plaintiffs, )
) No. 01 C 7263
v. )
) HONORABLE CHARLES R. NORGLE
)
PREMIUM CONCRETE CUTTING, )
INC., and BRYAN MRAZ, )
        Defendants. )

DOCKETED
JUL 0 6 2004

## OPINION AND ORDER

**Charles R. Norgle Sr., District Judge**

Before the court is Defendants' Motion for Partial Summary Judgment, brought pursuant to Federal Rule of Civil Procedure 56. For the following reasons the Motion for Partial Summary Judgment is granted in part, and the court relinquishes its supplemental jurisdiction over the remaining state law claims.

## I. BACKGROUND

Plaintiffs, Tony Sherman and Dan Ringier, on behalf of a class of similarly situated employees, ("Plaintiffs") originally filed suit against Premium Concrete Cutting Inc. and Brian Mraz ("Defendants") alleging various violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-262, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105, and the Illinois Minimum Wage Payment and Collection Act ("IMWPCA), 820 ILCS 115.

Defendants are engaged in the practice of cutting concrete. Defendants required Plaintiffs, former and current employees, to arrive at their office, receive the paper work for a given day, load

45

up the work truck with the necessary tools and drive to the corresponding job site. Defendants did not pay Plaintiffs for the time spent at the office preparing for work or for the first hour of travel to the job site, which the parties refer to as "gap time." If the travel time took more than an hour, Plaintiffs were compensated. Additionally, Plaintiffs were required to return to the office at the end of the work day, unload the truck, clean the tools and fix or repair any of the tools used that day. Again, Plaintiffs were not paid for the time spent driving to the office or the time spent at the office at the end of the day. These facts are undisputed.

On September 19, 2001, Plaintiffs filed suit alleging violations of the FLSA, the IMWL and the IMWPCA. Specifically, Plaintiffs allege: Count I, Defendants violated the IMWL by failing to pay all hours worked and time and one-half for all hours worked over 40 in a week; Count II, Defendants failed, neglected or refused to pay Plaintiffs for all their wages during the period of June 1, 1998 to the present in violation of the IMWPCA; Count III, Plaintiffs were not paid for all hours worked and their wage at the rate of one and one-half their regular rate for all hours worked in excess of 40 hours in violation of the FLSA; and Count IV, Defendants willfully and wantonly violated the FLSA.

On July 11, 2003, Defendants filed a motion for partial summary judgment. In that motion, Defendants seek partial summary judgment on three issues: (1) whether uncompensated travel time in weeks in which Plaintiffs did not work in excess of 40 hours violated the FLSA and or the IMWL; (2) whether Plaintiffs are entitled to punitive damages under the IMWL; and (3) whether a 3 year statute of limitations applies to the alleged FLSA violations. Subsequent to the filing of the motion for partial summary judgment, the parties entered into a joint Stipulation of Facts. All additional matters in this case have been settled, and the court need only address the issues presented in the

motion for partial summary judgment. The matter is now fully briefed and ripe for ruling. The court will analyze the asserted FLSA violations and then turn to Plaintiffs' state claims.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A genuine issue of material fact exists when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Puckett v. Soo Line Ry. Co., 897 F.2d 1423, 1425 (7th Cir. 1990) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Summary judgment is inappropriate when alternate inferences can be drawn from the available evidence. See Hines v. British Steel Corp., 907 F.2d 726, 728 (7th Cir. 1990). A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See, e.g., Navarro v. Fuji Heavy Industries. Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id.

**B.   Compensation for "Gap Time" in which the Employee did not Work Forty Hours a Week**

The first issue raised by Defendants is whether Plaintiffs are entitled to compensation for "gap time," pursuant to the FLSA, even though they did not work a 40 hour work week. If an employee works over 40 hours a work week the employer is required to pay him "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Defendants contend that because Plaintiffs failed to work the requisite 40 hour work week, even if travel time was computed, that they are not entitled to additional compensation because their pay was well over the minimum wage. Plaintiffs pay ranged from $10.00 an hour to $27.91 an hour for all of the relevant time periods in this action, with the minimum wage being merely $5.15 an hour.

In what has become commonly known as the *Klinghoffer Rule*, a plaintiff cannot state a claim under the FLSA if he, working less than 40 hours a week, receives payment in excess of what he would have been paid had he worked 40 hours a week at minimum wage. See United States v. Klinghoffer Brothers Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960); see also Dove v. Coupe, 245 U.S. App. D.C. 147, 759 F.2d 167, 171-72 & n.8 (D.C. Cir. 1985); O'Brien v. Town of Agawam, 350 F.3d 279, 298 (1st Cir. 2003); Monahan v. County of Chesterfield, 95 F.3d 1263, 1270 (4th Cir. 1996); Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986); Birch v. Kim, 977 F. Supp. 926, 930-31 (S.D. Ind. 1997); Cuevas v. Monroe Street City Club, Inc., 752 F. Supp. 1405, 1416-17 (N.D. Ill. 1990); but see Lamon v. City of Shawnee, Kan., 972 F.2d 1145, 1155 (10th Cir. 1992), cert. denied, 507 U.S. 972, 122 L. Ed. 2d 785, 113 S. Ct. 1414 (1993) (adopting opinion below, 754 F. Supp. 1518, 1521 & n.1 (D. Kan. 1991)). For example, if an employee was paid $10.00 an hour and only worked 32 hours, he would receive $320.00 as compensation for his

4

work. Even if he were to have worked 40 hours and not been fully compensated for the additional 8 hours, there would not be a violation of the FLSA because he would have been paid more than the mandatory minimum wage of $206.00, 40 hours at $5.15 an hour.

It is undisputed that Plaintiffs were compensated at the very least $10.00 an hour and as much as $27.91 an hour for the time in dispute. Plaintiffs would have the court look at the collective bargaining agreement to determine whether or not their has been a contractual violation in the way that wages were or were not paid for "gap time." The court will not scour the collective bargaining agreement, attempting to determine the validity or invalidity of clauses that were bargained for with a union, which is not a party to this action; a job which is better left to the union, employer and the National Labor Relations Board. See, e.g., Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); San Diego Building Trade Counsel, Local 2020 v. Garmon, 359 U.S. 263 (1959); Gibson v. AT&T Tech., Inc., 782 F.2d 686 (7th Cir. 1986).

In this action, brought by individual employees and former employees, the court will only address whether Defendants' actions violated the FLSA. The court finds that based the *Klinghoffer Rule* and its progeny, and the undisputed facts, Defendants did not violate the FLSA by failing to compensate Plaintiffs for "gap time." Plaintiffs were adequately compensated for their work and were paid well over the minimum wage requirements under the FLSA. Therefore, Defendants' Motion for Partial Summary Judgment is granted on this point.

## C. Determination of Willfulness for the Purposes of the FLSA

Additionally, Defendants ask the court to determine whether or not their actions were done "willfully" for the purposes of the FLSA. If the court were to determine that Defendants acted willfully, as defined by the FLSA, Defendants could be liable for unpaid compensation for three

years as opposed to two. The Supreme Court ruled that the word "willful" as used in the FLSA, 29 U.S.C. § 255(a), has the same meaning for purposes of determining both the statute of limitations and liquidated damages. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985) (noting the pre-McLaughlin division between courts of appeals on whether the standard was identical). An employer's violation of the FLSA is "willful," for purposes of determining the limitations period, if the employer either knew or acted with reckless disregard for whether its conduct was prohibited by the Act. See id. Willful behavior is conduct that is more than simply negligent or unreasonable. See id. In Walton v. United Consumers Club, Inc., 786 F.2d 303 (7th Cir. 1986), a FLSA case, the Seventh Circuit described willfulness as "denoting a range of culpability from gross negligence to actual knowledge plus malice depending on the context." Walton, 786 F.2d at 308 (citation omitted). "Usually it denotes some highly culpable mental state either actual knowledge that one's acts violate the law or reckless indifference to the law." Id. at 308-09 (citation omitted). The plaintiff in a FLSA case bears the burden of establishing willfulness, id. at 308, which "requires proof that 'the defendant's actions were knowing and voluntary and that he knew or reasonably should have known that those actions violated' the statute," id. at 312 (quoting Herman v. National Broadcasting Co., 744 F.2d 604, 607 (7th Cir. 1984)).

Plaintiffs have failed to establish that Defendants knowingly violated the FLSA or that they acted with reckless indifference to the law. It is undisputed that Defendants did not compensate Plaintiffs for "gap time." It is also undisputed that various other concrete companies did not compensate their employees for gap time, while other companies did compensate their employees. Plaintiffs have failed to provide any other evidence that Defendants acted willfully. Although,

6

normally in a summary judgment motion all evidence is construed in favor of the non-moving party, the plaintiff in a FLSA case must establish willfulness in order to extend the statute of limitations from two to three years. Plaintiff has failed to establish that Defendants acted willfully within the meaning of the FLSA. Therefore, Defendants' Motion for Partial Summary Judgment on this issue is granted.

D.    **Plaintiffs IMWL and IMWPCA Claims**

Having granted Defendants' Motion for Partial Summary Judgment on Plaintiffs' FLSA claims, the court relinquishes its supplemental jurisdiction over the remaining state law claims brought by Plaintiffs. When the court grants summary judgment on all federal claims before trial, the general rule is that the court should relinquish supplemental jurisdiction over state law claims. See, e.g., Van Harken v. Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997).

## III. CONCLUSION

For the foregoing reasons Defendants' Motion for Partial Summary Judgment is granted in part, and the court relinquishes its supplemental jurisdiction over the remaining state law claims. IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-1-04